UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEBORAH LYNN FIELDS,

                Plaintiff,

                                          DECISION AND ORDER
                                          16-CV-6312

                v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On June 25, 2013, plaintiff, then fifty-two years old, filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, and an application for Supplemental Security Income ("SSI") benefits under Title XVI of the Act. In both applications, plaintiff alleged an inability to work since September 15, 2007. (Administrative Transcript, Dkt. #8 at 14, 54).[1] Her applications were initially denied. Plaintiff requested a hearing, which was held on August 8 and 11, 2015, before Administrative Law Judge ("ALJ") Elizabeth W. Koennecke. The claimant later requested (and the ALJ granted) that her alleged onset date be amended to April 15, 2011, effectively mooting her Title II application for a period of disability and disability insurance benefits. *Id.* The ALJ issued a decision addressing

___

1 Note that the Administrative Transcript (Dkt. #8) portions cited herein are identified using the internal Bates-stamped pagination utilized by the parties.

plaintiff's outstanding Title XVI application for SSI benefits on August 14, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 14-23). That decision became the final decision of the Commissioner when the Appeals Council denied review on March 17, 2016. (Dkt. #8 at 1-4). Plaintiff now appeals from that decision.

The plaintiff has moved (Dkt. #11), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, the ALJ examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). If the claimant's RFC permits him to perform relevant jobs he has done in the past, he is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and

work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See also* 20 CFR §404.1560(c).

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, particularly her treatment notes for degenerative spinal disc disease, unspecified myopathy (muscle weakness), alcohol use disorder with beer potomania (electrolyte imbalance caused by consumption of massive quantities of beer), and a mental impairment (variously characterized as depressive disorder, anxiety disorder, or substance abuse disorder) which she concluded together constituted a severe impairment not meeting or equaling a listed impairment. The ALJ determined that plaintiff had the RFC to

3

perform light work with certain restrictions.

I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's limitations, and that her finding that the plaintiff was not disabled was supported by substantial evidence and contained no legal error.

On appeal, plaintiff initially objects to the ALJ's RFC finding that plaintiff could perform a limited range of light work. Specifically, the ALJ determined that plaintiff retained the RFC to lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently, and that she could walk for 2 hours, stand for 6 hours, and sit for an unlimited amount of time, during an 8-hour workday. The ALJ further found that plaintiff could occasionally squat and kneel, should avoid concentrated exposure to dust, could understand and follow simple instructions and directions and perform simple tasks independently, could maintain attention and concentration for simple tasks, and was able to handle simple, repetitive work-related stress (in that plaintiff could make occasional decisions directly related to the performance of simple tasks) in a stable, unchanging work environment. (Dkt. #8 at 19).

Plaintiff alleges that in determining this RFC, the ALJ failed to properly consider (or indeed, to consider at all) a medical source statement by treating neurologist Dr. Justin Rymanowski, who had opined that plaintiff had "unspecified myopathy . . . and sensation deficits in her extremities" and described plaintiff's prognosis and postural limitations as "unknown – additional testing needed (repeat EMG; muscle biopsy)." (Dkt. #8 at 592-94). Plaintiff also claims that medical evidence pointing to plaintiff's sometimes-antalgic gait (abnormal gait caused by pain with weight-bearing), periodic use of a cane, limited range of motion, swelling and numbness in her hands, etc. is more in keeping with an RFC limiting plaintiff to sedentary work

4

rather than light work.

Despite the lack of additional testing by (or for) Dr. Rymanowski, the record was not incomplete, and the ALJ's opinion that plaintiff was capable of a limited range of light work is supported by substantial evidence, including treatment notations that plaintiff displayed a normal gait and normal range of motion, MRIs showing "unremarkable" findings with very mild cervical disc generation, and Dr. Rymanowski's own decision not to prescribe plaintiff any treatment. To the extent that the record contained Dr. Rymanowski's findings that plaintiff had some weakness and sensation deficits, and periodic notes that plaintiff's range of motion was limited by her back pain, the ALJ explicitly mentioned and discussed that evidence in making her RFC finding, and incorporated appropriate postural and other limitations to compensate.

The Court notes that while the need to use handheld assistive devices may impact an individual's ability to perform the exertional requirements of work, *see e.g.*, *Wright v. Colvin*, 2015 U.S. Dist. LEXIS 98978 at *16 (W.D.N.Y. 2015), there is no indication in the record that plaintiff has ever been prescribed, or is required to use, a cane – only that she made use of one during her hearing and a few doctors' appointments. *See generally* Social Security Ruling 96-9p, 1996 SSR LEXIS 6 (July 2, 1996) ("[t]o find that a hand-held device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed"). *See also Palmer v. Colvin*, 2016 U.S. Dist. LEXIS 137760 at *54-*55 (Mid. Dist. Pa. 2016) (where there is no evidence that claimant required or was prescribed a cane by any physician, ALJ's finding that plaintiff can perform light work is proper). Because the ALJ discussed and considered plaintiff's periodic use of a cane in reaching her RFC determination, and because there was no objective evidence of

record suggesting that plaintiff had sufficient limitations in balance or strength to require the use of a hand-held assistive device in any event, I find that the ALJ did not overlook this evidence, or otherwise fail to give it due consideration.

Plaintiff also contends that the ALJ improperly relied on the vocational expert's testimony. Plaintiff argues that the positions identified by the vocational expert (photocopying machine operator, collator operator and router) each require a "Reasoning Level 2" per the Dictionary of Occupational Titles ("DOT"), which is defined to include "commonsense understanding to carry out detailed but uninvolved written instructions." As such, plaintiff argues that the positions the VE identified did not satisfy the "simple instructions" component of plaintiff's RFC.

The Court disagrees. Courts considering this argument, within this Circuit and elsewhere, have consistently concluded that jobs requiring Level 2 reasoning skills are consistent with an RFC that limits a claimant to simple instructions or simple tasks. *See Jones-Reid v. Astrue*, 934 F. Supp. 2d 381, 409 (D. Conn. 2012), *aff'd*, 414 Fed. Appx. 32 (2d Cir. 2013) (limitation to jobs with "short, simple instructions" is "not inconsistent with either jobs requiring . . . level 2 or 3 reasoning"). *See also Ranstrom v. Colvin*, 622 Fed. Appx. 687, 688-89 (9th Cir. 2015) (unpublished opinion) ("[t]here is no appreciable difference between the ability to make simple decisions based on 'short, simple instructions' and the ability to use commonsense understanding to carry out 'detailed *but uninvolved* . . . instructions,' which is what Reasoning Level 2 requires") (quoting *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015)); *Rought v. Berryhill*, 2017 U.S. Dist. LEXIS 177157 at *7-*8 (W. D. Wash. 2017) (collecting cases, and noting that "courts in this circuit . . . as well as several other circuit courts, have generally held that a limitation to simple, repetitive tasks is consistent with both reasoning Level 1 and reasoning Level 2 jobs"); *Freitas v.*

6

*Colvin*, 2016 U.S. Dist. LEXIS 177221 at *14 (D. Conn. 2016) (collecting cases, and noting that "[j]udges in this district have held that limitations to 'short, simple instructions' are not inconsistent with reasoning development level 2"); *Henry v. Colvin*, 2016 U.S. Dist. LEXIS 132543 at *14-*15 (S. D. Fla. 2016) (ALJ properly relied on VE testimony that a claimant limited to jobs with "simple instructions" could perform jobs including collator operator and router, despite the Level 2 reasoning required for those jobs). *See generally Romak v. Colvin*, 2017 U.S. Dist. LEXIS 32628 at *14 (N.D.N.Y. 2017) (claimant limited to unskilled work with simple, routine tasks can perform jobs including photocopy machine operator and collator operator).

Accordingly, I find that there is no actual conflict between the plaintiff's RFC and the positions identified by the vocational expert, and that the ALJ's reliance on the vocational expert's testimony was proper.

I have considered the rest of the plaintiff's claims, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #11) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      January 3, 2018.